THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORTON LEE COHEN, | * | |
| Plaintiff, | * | Civil No. RDB 09-1295 |
| v. | * | |
| SONY PICTURES ENTERTAINMENT, | * | |
| and | * | |
| SOCIAL SECURITY ADMINISTRATION | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on Defendant Sony Pictures Entertainment's Motion to Dismiss Plaintiff's Complaint (Paper No. 15) and Defendant Social Security Administration's Motion to Dismiss Plaintiff's Complaint (Paper No. 8). Defendants Social Security Administration ("SSA" or "the Agency") and Sony Pictures Entertainment ("SPE") moved to dismiss Cohen's complaint on separate and distinct procedural grounds. For the reasons stated below, the defendants' motions to dismiss are GRANTED.

## BACKGROUND

On December 27, 2007, SSA notified Plaintiff Morton Lee Cohen that it had overpaid his Supplemental Security Income by $2,412.00. (Compl. Ex. 2.) The notification letter informed Cohen that SSA would rectify the overpayment by reducing his benefit payments by $63.70 per month until the overpayment amount was repaid. *Id.* The notification letter also informed Cohen that he could request a waiver from this repayment at any time. *Id.* On March 5, 2008,

Cohen mailed incomplete waiver request forms to SSA. (Compl. Exs. 3, 4.) SSA computer records indicate that the Agency has not received these forms. (Def. SSA's Mem. in Supp. of Mot. to Dismiss Compl. 2.) Because the Agency has not received Cohen's paperwork, it has not acted on his request. (SSA's Mem. 3.)

Cohen filed a complaint in the Circuit Court of Baltimore County on January 7, 2009, naming the Social Security Administration and Sony Pictures Entertainment as co-defendants. The Complaint alleges that Defendant SSA wrongfully failed to grant Cohen an appeal of its decision to rectify the alleged overpayment. (Compl. p. 2, ¶¶ 1-4.) The Complaint also alleges that Cohen created the television shows *I Dream of Jeannie*, *Wheel of Fortune*, *The Young and the Restless*, and *The Bold and the Beautiful* in the 1960s. (Compl. p. 2, ¶¶ 6-10, 15.) Cohen seeks "payment after the fact, for the creating of the TV shows" from Defendant SPE. (Compl. p. 2, ¶¶ 5.)

On April 6, 2009, SPE filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and because Cohen's claims are time-barred under any applicable statute. (Def. SPE's Mot. to Dismiss, Ex. A.) Judge Fader of the Circuit Court of Baltimore County granted SPE's motion on May 6, 2009. (SPE's Mot., Ex. B.) However, Judge Fader's order to dismiss was not filed until May 21, 2009. (SPE's Mot., Ex. B.)

SSA removed the case to this Court on May 18, 2009, three days before the state court docketed Judge Fader's order to dismiss the Complaint as to SPE. (Paper No. 1.) SSA then filed its instant Motion to Dismiss the Complaint on June 15, 2009. SSA argues that this Court lacks subject matter jurisdiction over Cohen's claim because Cohen has not yet exhausted his administrative appeal remedies within the agency. (SSA's Mem. 1, 3.)

Following removal to this Court, SPE filed its instant Motion to Dismiss the Complaint. SPE argues first that this Court should adopt the state court's order dismissing Cohen's complaint. (Def. SPE's Mem. in Support of Mot. to Dismiss Compl. 3-4.) If this Court does not adopt the state court's order, SPE argues in the alternative that the Complaint should be dismissed because Cohen has failed to state any claim upon which relief could be granted and because any possible claims he might have are time barred. (SPE's Mot. 5-8.)

## ANALYSIS

**I.     Social Security Administration's Motion to Dismiss Cohen's Complaint**

The Social Security Act ("the Act") states in relevant part that "Whenever the Commissioner of Social Security finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall . . . be made by appropriate adjustments in future payments to such individual." 42 U.S.C. § 1383(b)(1)(A) (2009). The Act also authorizes judicial review of Agency decisions regarding benefit adjustments. "The final determination of the Commissioner of Social Security after a [benefit adjustment] hearing . . . shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." *Id.* at § 1383(c)(3). Section 405 of the Act, in turn, states that:

> Any individual, after any <u>final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States . . . .
> <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed</u> by any person, tribunal, or governmental agency <u>except as herein provided</u>.

*Id.* at § 405 (g)-(h) (emphasis added).

In the instant case, SSA has not come to a final decision regarding Cohen's request for a waiver from recovery of his overpayment because the Agency has not received the necessary paperwork. Even if SSA had received Cohen's March 2008 mailing, the forms Cohen submitted are so incomplete that it is unlikely the Agency could have made a final decision on the matter without gathering more information. (*See* Compl. Ex. 4.) Because SSA has not made a final decision on Cohen's request for a waiver, this Court is statutorily barred from reviewing the matter.

**II.      Sony Pictures Entertainment's Motion to Dismiss Cohen's Complaint**

Federal law states that "Whenever any action is removed from a State court to a district court of the United States . . . All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450 (2009). Further, when a case is removed from state to federal court, the "law of the case" doctrine "preserves any prior rulings by the state court in that case." *Dow v. Jones*, 311 F.Supp.2d 461, 465 (D.M.D. 2004) (Blake, J.); *see also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 304 (4th Cir. 2000). The law of the case doctrine is not a rigid doctrine; rather, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona v. California*, 460 U.S. 605, 619 n. 8 (1983). As it is applied in the Fourth Circuit, the law of the case doctrine instructs that prior, proper state court rulings should be upheld when a case is later removed to federal court.

Baltimore County Circuit Judge Fader dismissed Cohen's Complaint as to SPE while the case was still pending in state court. (SPE's Mot., Ex. B.) Judge Fader's order granting dismissal was signed on May 6, 2009. The case was not removed to this Court until May 18,

2009.  It is axiomatic that a judicial order is effective when it is signed by the ordering judge.  Further, there is no indication that the motion was granted improperly.  Indeed, the motion was unopposed,[1] giving Judge Fader reason to find SPE's argument persuasive.  Because the state court properly dismissed Cohen's complaint as to Defendant SPE, this Court will not dissolve that order now.

## CONCLUSION

For the reason that the Social Security Act bars judicial review of non-final Agency decisions, Defendant Social Security Administration's Motion to Dismiss the Complaint (Paper No. 8) is GRANTED.  For the reason that the state court properly dismissed Cohen's complaint as to Defendant Sony Pictures Entertainment, Defendant Sony Pictures Entertainment's Motion to Dismiss the Complaint (Paper No. 15) is GRANTED.  Cohen's Complaint is DISMISSED with prejudice.

A separate order follows.


Date:   September 29, 2009                     /s/_____
                                               Richard D. Bennett
                                               United States District Judge

---

[1] Cohen failed to respond to SPE's state court motion to dismiss the complaint.  *See* Def. SPE's Mot. to Dismiss Compl. Ex. B.